## SEWER DISTRICT TAXES UNLAWFUL.

Circuit Court of Cuyahoga County.

J. C. ALEXANDER ET AL V. ALBERT K. SPENCER, TREASURER; AND
THE AVERY STAMPING COMPANY V. ALBERT K. SPENCER,
TREASURER; AND THEODORE M. BATES ET AL V. JOHN I.
NUNN, TREASURER. *

Decided, May 31, 1910.

*Taxation—Levying of Taxes Not a Part of Any Other "Proceeding"—
Redemption of Sewer District Bonds—Repealed Section 2713, Re-
vised Statutes.*

The repeal of former Section 2713, Revised Statutes, by the municipal
code which went into effect May 4, 1903, took away the power of mu-
nicipal councils to levy taxes upon sewer districts for the redemption
of sewer district bonds, including bonds issued to pay for sewers,
the construction of which had been begun before said repeal took
effect. The levying of taxes, unlike the levying of special assess-
ments, is no part of any other "proceeding."

*Ford, Synder & Tilden* and *T. M. Bates,* for plaintiff.
*Newton D. Baker,* City Solicitor, and *Wilbur D. Wilkin,* As-
sistant City Solicitor, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Heard on appeal.

These three cases were all tried together on an agreed state-
ment of facts.

The question involved is whether the city can now levy taxes
by sewer districts to provide a sinking fund for sewer district
bonds issued since the new municipal code went into effect,
May 4, 1903, for the purpose of paying that portion of the cost
of sewers constructed in certain districts not assessed upon the
property specially benefitted, the councilmanic proceedings for
the improvements paid for by the bonds having been begun
before said date.

* Affirmed by the Supreme Court without opinion, January 17, 1911
(83 Ohio State, p. —).

The whole matter grows out of the repeal of Section 2713, Revised Statutes, by the new municipal code. That section read as follows:

"The levy to provide a sinking fund for the redemption of bonds issued for sewerage purposes shall, where the corporation is divided into sewer districts, be upon the property of the district for which the bonds were issued."

The levy here mentioned is strictly a tax, as distinguished from a special assessment. It is a tax to pay a debt of the city. That debt, it is true, was contracted for the benefit of a certain district of the city. Who shall now pay it, the sewer district or the city at large?

The city urges that the levying of a tax to pay these bonds is part of the original "proceeding" under which the improvements were begun to pay for which the bonds were issued, and claims that rights under repealed Section 2713 are saved to the city, by virtue not only of Section 26, General Code, but also of Section 211 of the municipal code (Section 1536-910, Revised statutes; not found in the General Code), which reads in part as follows:

"No rights or liabilities, either in favor of or against such corporation, existing at the time of the taking effect of this act, and no suit, prosecution, or proceeding shall be in any manner affected by such change, but the same shall stand or proceed as if no such change had been made."

The rule contended for has been held to apply to the case of special assessments (*Raymond* v. *Cleveland,* 42 O. S., 523, and other cases cited by counsel), but we have been unable to find a case where the same rule was applied to the levying of taxes. There is a decided distinction between the two kinds of impositions. The levying of an assessment to pay for a street improvement is clearly a part of the proceedings, and is so treated in the municipal code. Notice is given to the owners of benefitted property, and they, in a manner, take part in the proceedings. The whole assessment at once becomes a continuing lien, though it may be collected through a series of years. Not so with regard to the levying of taxes. That power is in the state

to be exercised as the Legislature directs within the rules laid down in the Constitution. So long as the constitutional limits are observed the tax-payer must submit and has no part in the matter, and one Legislature can not bind another or make a bargain about the right to levy taxes, with a municipal corporation or any other agency.

Each year's tax levy is a new and distinct matter having no reference to any previous levy. We fail to see that a tax levy is a part of any other proceeding; taxes are levied to pay old debts, as bonds, notes, judgments, etc., and to furnish funds for current expenses, but in no sense does the tax levy become a part of the proceeding whereby the old debt was created or the current expense is incurred.

Distinguishing these cases from assessment cases on the point that the levying of taxes is no part of the original street improvement "proceeding," we hold that the plaintiffs are entitled to the injunctions prayed for.

Judgments for plaintiffs.

---

## PERSONAL JUDGMENT IN FORECLOSURE TO A CROSS-PETITIONER.